IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IDELLA THOMAS )
) No. 18-944
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for social security disability benefits, alleging physical impairments including tennis elbow, degenerative joint disease, and chronic pain syndrome. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ erred in finding that she had the residual functional capacity ("RFC") for light work, when evidence of record demonstrates limited use of her right hand. Further, Plaintiff contends that the jobs identified by the vocational expert ("VE") do not exist in sufficient numbers in the national economy.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Here, the RFC did not simply state that Plaintiff was capable of a full range of light work. Instead, it specifically accounted for Plaintiff's limitations on the use of her hand, by accounting for a limited range of light work. The RFC stated that Plaintiff had the RFC to perform light work, as defined in the regulations, "except" that she could "occasionally handle and never finger or feel with the right (non-dominant) hand." The ALJ's question to the Vocational Expert ("VE") accurately reflected these aspects of RFC. The fact that medical evidence could also support additional limitations on Plaintiff's use of her hand does not mean that the RFC is not supported by substantial evidence. The RFC, in fact, is consistent with other evidence, such as the report of Dr. Fox. Plaintiff does not challenge the ALJ's decisions regarding the weight and credit to afford the various medical opinions of record. Upon review of the entire record, it is apparent that the ALJ's RFC determination is properly supported, and I find no error.

In terms of Plaintiff's numerical argument, Plaintiff argues that in light of the number of job openings and the number of people currently employed nationally, the total number of jobs that the VE identified – Plaintiff counts the number as 27,500- is not "significant."

"Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered 'work which exists in the national economy.'" Torres v. Shalala, No. 94-5492, 1995 U.S. Dist. LEXIS 7172, at *12 (E.D. Pa. May 22, 1995). There is no bright-line rule regarding what constitutes a significant number of jobs, in accordance with applicable regulations. Wehrer v. Comm'r of Soc. Sec., No. 17-804, 2018 U.S. Dist. LEXIS 74713, at *7 (W.D. Pa. May 3, 2018)

Plaintiff's contention must be rejected. The VE identified 20,000 gate guard jobs in the economy, photocopy operators at 10,000 in the national economy, and ticket takers, over 7000 in the economy. The VE further identified 12,500 sedentary jobs in the national economy. VE testimony reflecting 20,000 and 25,000 existing jobs, for example, has been found sufficient to support an ALJ's finding of non-disability. Young v. Astrue, 519 F. App'x 769, 772 (3d Cir. 2013); Webb v. Colvin, No. 14-00250, 2015 U.S. Dist. LEXIS 65851 (W.D. Pa. May 20, 2015). The numbers identified by the VE in this case vastly exceed numbers typically approved by courts, and certainly qualify as "significant" in this context.

As a final matter, to the extent that Plaintiff seeks remand for consideration of the reports of Drs. Jewell and Ricci, I would reject her request. Under 42 U.S.C. § 405(g), courts may remand for consideration of new evidence if the new evidence is material and good cause exists

for failing to proffer the evidence earlier. Plaintiff does not demonstrate that such cause exists with respect to the evidence at issue, which predated the ALJ hearing.

## CONCLUSION

In conclusion, the ALJ's decision is supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: April 26, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IDELLA THOMAS )
) No. 18-944
    v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

### ORDER

AND NOW, this 26th day of April, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

                BY THE COURT:

                */s/ Donetta W. Ambrose*

                Donetta W. Ambrose
                Senior Judge, U.S. District Court